## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRAVE LAW FIRM, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17 CV 1156 |
| ) | |
| TRUCK ACCIDENT LAWYERS GROUP, INC., ) | |
| BRAD PISTOTNIK LAW, P.A., AFFILIATED ) | |
| ATTORNEYS OF PISTOTNIK LAW OFFICES, P.A., ) | |
| BRADLEY A. PISTOTNIK and BRIAN D. ) | |
| PISTOTNIK, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **COMPLAINT**

COME NOW the Plaintiff, by and through its counsel of record, Stephen L. Brave, and for its claims against the Defendants, alleges and states as follows:

### **PARTIES AND VENUE**

1. Plaintiff is a Kansas limited liability company with a principal place of business in Wichita, Kansas.

2. Defendant Truck Accident Lawyers Group Inc. is a Kansas for-profit corporation with a principal place of business in Wichita, Kansas. This Defendant may be served through its resident agent, Bradley Alan Pistotnik, at 2127 N. Keeneland Circle, Wichita, Kansas 67206.

3. Defendant Brad Pistotnik Law, P.A. is a Kansas professional corporation with a principal place of business in Wichita, Kansas. This Defendant may be served through its resident agent, John R. Gerdes, at 301 N. Main, Suite 1900, Wichita, Kansas 67202.

4. Defendant Affiliated Attorneys of Pistotnik Law Offices, P.A. ("AAPLO") was a Kansas professional corporation with a principal place of business in Wichita, Kansas. It was dissolved by Court order that went into effect on or around January 15, 2015.

5. Though Defendant AAPLO is a dissolved business entity, pursuant to K.S.A. 17-6807 it must be continued for a term of at least three years from the date of dissolution for the purpose of, among other things, defending suits such as this.

6. This suit was commenced against Defendant AAPLO within the three year window required by K.S.A. 17-6807 and is therefore timely commenced.

7. As part of the proceedings that led to the dissolution of Defendant AAPLO, Mr. David Rapp was appointed as its Receiver for the purposes set forth in K.S.A. 17-6708, including but not limited to, the power to defend suits brought against the dissolved entity.

8. As such, Mr. David Rapp is authorized to receive and accept service on behalf of Defendant AAPLO as well as to make all decisions regarding the defense of this suit.

9. Defendant Bradley A. Pistotnik is a Kansas resident and may be served at his residence at 2127 N. Keeneland Circle, Wichita, Kansas 67206

10. Defendant Brian D. Pistotnik is a Kansas resident and may be personally served with a copy of this Verified Complaint.

## JURISDICTION

11. This is a Complaint for, among other things, false advertising and unfair competition by the Defendants under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and,

accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331. This Court has subject matter jurisdiction over the directly related Kansas state law claims pursuant to 28 U.S.C. § 1367.

12. The amount in controversy between the parties exceeds $75,000.

13. This Court has proper venue and jurisdiction over the persons and subject matter.

## FACTUAL AVERMENTS

14. Plaintiff is a company that provides legal services to individuals in Kansas, primarily in the area of plaintiff's personal injury work, and is a "juristic person" as defined by 15 U.S.C. § 1127.

15. Since its formation in 2010, the Plaintiff has been engaged in commerce and has been a competitor against each of the Defendants.

16. Defendant Truck Accident Lawyers Group, Inc. is a corporation that has advertised that it provides legal services to individuals, primarily in the area of plaintiff's personal injury work, and purports to specialize in accidents involving commercial motor vehicles, and is a "juristic person" as defined by 15 U.S.C. § 1127.

17. Defendant Brad Pistotnik Law, P.A. is a corporation that provides legal services to individuals in Kansas, primarily in the area of plaintiff's personal injury work, and is a "juristic person" as defined by 15 U.S.C. § 1127.

18. Defendant AAPLO was a business entity that provided legal services to individuals in Kansas, primarily in the area of plaintiff's personal injury work, and at all times material was a "juristic person" as defined by 15 U.S.C. § 1127.

19. At all times material hereto, Defendant Bradley A. Pistotnik was a Kansas attorney that provided legal services to individuals, primarily in the area of plaintiff's personal injury work, and is a "person" as defined by 15 U.S.C. § 1127.

20. At all times material hereto, Defendant Bradley A. Pistotnik was a Director and/or corporate officer of Defendants Truck Accident Lawyers Group, Inc., AAPLO and Brad Pistotnik Law, P.A.

21. While Defendant Bradley A. Pistotnik was a Director and/or corporate officer of the AAPLO, he has testified that his roles and duties in that capacity were limited in nature.

22. Specifially, Defendant Bradley A. Pistotnik testified that he considered himself to be "independent" of the AAPLO and that he ceased being a director when he left the offices of the AAPLO.

23. At all times material hereto, Defendant Brian D. Pistotnik was a Kansas attorney that provided legal services to individuals, primarily in the area of plaintiff's personal injury work, and is a "person" as defined by 15 U.S.C. § 1127.

24. At all times material hereto, Defendant Brian D. Pistotnik was a Director and/or corporate officer of Defendant AAPLO.

25. At all times material hereto, the Defendants have been engaged in commerce and have competed against the Plaintiff.

## **COUNT I - LANHAM ACT VIOLATIONS**

26. At various times, each Defendant has advertised that they had obtained high-dollar verdicts or settlements for alleged clients.

4

27. These advertisements appeared in various media formats, including but not limited to, television advertisements, print ads, phone book ads, website content, "pay-per-click" advertising and direct mail brochures.

28. These advertisements were widely disseminated by the Defendants and contained multiple false and misleading statements of material fact.

29. As one recent example, Defendants Brad Pistotnik and Brad Pistotnik Law, P.A. ran a series of advertisements touting their alleged results; a screenshot of one such ad appears below:



30. The disclaimer at the bottom of the screen is consistent with the content of the entire ad and explicitly states that the "Amounts are gross recovery before fees and expenses."

31. Instead, the actual "gross recovery" before fees and expenses was $387,018.00, or 16% of what was advertised.

32. This advertisement is literally false because there was no "gross recovery" of $2,400,000 by any person(s) in the case referenced in the advertisement, either before or after legal fees and expenses,

33. In addition, this advertisement is literally false as it advises the viewer that "Our past performances are no guarantee of future results" when, in fact, the "past performance" referenced in the advertisement never happened at all.

34. At various times, all of the other Defendants have caused to be published virtually identical advertisements containing the same false and misleading statements.

35. As another example, all of the Defendants widely disseminated advertisements claiming that they obtained a jury verdict of $4,100,000 in a personal injury case.

36. This same advertisement also advised that the jury awarded a punitive damage award of $2,500,000 to the alleged client.

37. These advertisements were, and are, literally false as the "gross recovery" in that case was approximately $850,000.00 and the jury did not award any punitive damages to the plaintiffs.

38. Other advertisements ran by the Defendants featured other literally false "gross recoveries" via alleged verdicts including ones for $1,100,000, $845,000, and $401,000.00.

39. In addition to advertising alleged "gross recoveries" via jury verdicts that never actually happened, the Defendants also advertised purported settlements that never happened.

40. As one example, all of the Defendants advertised that they had settled a case for $9,000,000 on behalf of a former client.

41. This settlement did not happen as advertised because Defendant Bradley A. Pistotnik and the AAPLO had been terminated by the client prior to the settlement occurring and the settlement was actually obtained by another lawyer, apparently in another state, but at various times each of the Defendants has claimed it as their own.

42. Because these advertisements are literally false, there is a presumption that they deceived consumers and it is incumbent upon the Defendants to rebut that presumption.

43. Nevertheless, it is asserted that these advertisements actually deceived a substantial segment of the audience and were intentionally designed to do so.

44. Defendant AAPLO spent over $1,000,000 annually to produce and disseminate advertising materials that contained false and misleading information to potential consumers and, upon information and belief, Defendant Brad Pistotnik Law, P.A. has spent approximately the same amount, if not more, on annual advertising since its formation.

45. The Defendants' deceptive conduct was, and remains, material in nature because it likely influenced the decision to hire the Defendants.

46. The marketing company used at various times by the Defendants to produce television commercials, Whitehardt, Inc., is well-known in the legal marketing arena and works with law firms across the United States.

47. Whitehardt, Inc. has a website that identifies the "Core Principles" of an effective plaintiff's attorney advertisement.

48. One of the "Core Principles" recognized by Whitehardt, Inc. is that "Results are an important part of a direct response ad.  Before using a service, most people want to have an idea of the outcome they will have.  This gives you a way to talk about your past successes."

49. Because the Defendants lacked sufficient "past successes" to use in their advertisements, they deliberately elected to advertise false and misleading results for past clients in order to gain a competitive edge in the marketplace.

50. It is not known when the false and misleading advertisements first began to be disseminated, but phone book advertisements from 2007 show that Defendants Bradley A. Pistotnik, Brian D. Pistotnik and the AAPLO were running false and misleading advertisements from at least that time until the time the AAPLO was dissolved in 2015.

51. Defendant Truck Accident Lawyers Group, Inc. commenced running false and misleading advertisements on its web site in 2010, if not before, and continued to engage in that practice until at least 2016.

52. Defendant Brad Pistotnik Law, P.A. ran false and misleading advertisements from the time it was formed in 2014 and continues to run them today.

53. The common denominator amongst the Defendants and their false and misleading advertising campaign is Brad Pistotnik; during the time he was associated with each of the Defendants, it was running false and misleading advertisements.

54. After Brad Pistotnik left the AAPLO to form Brad Pistotnik, P.A., Brian Pistotnik wrote an entry on his new Firm's website that alleged he was aware of "very misleading" television advertising by attorneys.

55. Each of the "very misleading" practices identified in Brian Pistotnik's blog entry was a practice that he, Defendant Bradley A. Pistotnik and the AAPLO engaged in during its existence with Brian Pistotnik's full knowledge and approval.

56. Each of the "very misleading" practices identified in Brian Pistotnik's blog entry is a practice that Defendants Bradley A. Pistotnik and Brad Pistotnik Law, P.A. continue to engage in with Bradley A. Pistotnik's full knowledge and approval.

57. All of the Defendants deliberately, willfully and purposely acted in bad faith by engaging in false advertising and unfair business practices in order to generate business.

58. The Defendants' false and misleading statements go to an inherent quality or characteristic of the legal services each provides or provided and were designed to intentionally mislead consumers in order to hire them and thus unlawfully undermine business competitors, such as the Plaintiff.

59. The Defendants' false advertising was done as part of commercial activity, were made for public consumption and extended into multiple states.

60. The Defendants' wrongful conduct was not reasonably ascertainable until November of 2016 and, thus, the "fact of injury" was not known to the Plaintiff until then.

61. As a proximate result of the Defendants' false advertising, Plaintiff has been, and will continue to be, injured.

## COUNT II – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE OR RELATIONSHIP

62. The allegations set forth in paragraphs 1 – 61 are incorporated by reference herein.

63. The Plaintiff had a business expectancy with the probability of future economic benefit with individuals seeking representation in connection with a personal injury and the Defendants were aware of this fact.

64. Except for the false and misleading advertising scheme utilized by the Defendants, as described herein, the Plaintiff was reasonably certain to have realized this expectancy;

65. The Defendants intentionally ran the false advertising scheme;

66. The Defendants' conduct was malicious in that it was a harmful act that was willfully carried out without any reasonable justification or excuse; and

67. The Plaintiff has sustained damages as a result.

## COUNT III – CIVIL CONSPIRACY

68. The allegations set forth in paragraphs 1 – 67 are incorporated by reference herein.

69. Many, if not all, of the advertising efforts that referenced the AAPLO were designed and carried out by Defendant Bradley A. Pistotnik while he was

10

acting "independently" and not as a Director or corporate officer of the AAPLO.

70. For example, the website that advertised the AAPLO's legal services was personally owned by Defendant Bradley A. Pistotnik and he has testified that he drafted and designed its content to prominently feature him.

71. As another example, the website that advertised the Truck Accident Lawyers Group, Inc. was personally owned by Defendant Bradley A. Pistotnik and he drafted and designed its content to prominently feature him.

72. As another example, the television advertisements that were aired while Defendant Bradley A. Pistotnik contain "title cards" that identify that he, individually, was Whitehardt, Inc.'s "client" and the advertisements prominently feature him.

73. Defendants AAPLO and Brian D. Pistotnik authorized, ratified and approved the false and misleading marketing efforts carried out by Defendant Bradley A. Pistotnik, acting as an individual, despite knowing that the content of the materials were false and misleading.

74. Defendants AAPLO, Brian D. Pistotnik and Bradley A. Pistotnik, agreed to disseminate the false and misleading advertisements in order to make profit and gain a competitive edge in the marketplace.

75. This conduct violated the Lanham Act, as well as Kansas state law, and the Plaintiff has been injured as a result of their conduct.

## COUNT IV – PUNITIVE DAMAGES

76. The allegations set forth in paragraphs 1 – 75 are incorporated by reference herein.

77. All of the Defendants engaged in willful, wanton and malicious conduct and punitive damages are warranted in order to deter others from engaging in similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Provide temporary and permanent injuctive relief to bring an end to the Defendants' wrongful conduct and direct them to cease airing false and misleading advertisements in any media format;

2. That any Defendant that is the subject of a temporary or permanent injunction file, within ten (10) days after the entry of the injunction, an affidavit with this Court under penalty of perjury certifying the manner in which it or he has complied with the terms of the injunction;

3. Enter judgment in favor of the Plaintiff as to each of its claims;

4. Award all damages permitted under 15 U.S.C. § 1117, including but not limited to:

    A. The profits, as determined by an accounting, reaped by the Defendants as a result of their willful, wanton and malicious conduct in running the false and misleading advertising campaign;

    B. The costs of a prospective corrective advertising campaign;

    C. Actual damages;

    D. Treble costs of actual damages; and

    E. Litigation costs and attorneys' fees.

78. All damages permitted under Kansas law, including but not limited to, punitive damages.

/s/ Stephen L. Brave
Stephen L. Brave #20025
3500 N. Rock Road, Building 100
Wichita, KS  67226
316-636-9500
(fax) 316-636-9550
sbrave@bravelawfirm.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRAVE LAW FIRM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| TRUCK ACCIDENT LAWYERS GROUP, INC., | ) |
| BRAD PISTOTNIK LAW, P.A., AFFILIATED | ) |
| ATTORNEYS OF PISTOTNIK LAW OFFICES, P.A., | ) |
| BRADLEY A. PISTOTNIK and BRIAN D. | ) |
| PISTOTNIK, | ) |
| | ) |
| Defendants. | ) |

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff and demands a pretrial conference and a trial by jury of twelve (12) persons in this matter.

/s/ Stephen L. Brave
Stephen L. Brave #20025

14

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRAVE LAW FIRM, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| TRUCK ACCIDENT LAWYERS GROUP, INC., ) | |
| BRAD PISTOTNIK LAW, P.A., AFFILIATED ) | |
| ATTORNEYS OF PISTOTNIK LAW OFFICES, P.A., ) | |
| BRADLEY A. PISTOTNIK and BRIAN D. ) | |
| PISTOTNIK, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **DESIGNATION OF PLACE OF TRIAL**

COMES NOW the Plaintiff and designates Wichita, Kansas as the place for trial in this matter.


/s/ Stephen L. Brave
Stephen L. Brave #20025

15