# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BRAVE LAW FIRM, LLC,

     *Plaintiff,*

  vs.

                            Case No. 17-1156-EFM-GEB

TRUCK ACCIDENT LAWYERS GROUP, INC.; BRAD PISTOTNIK LAW, P.A.; AFFILIATED ATTORNEYS OF PISTOTNIK LAW OFFICES, P.A.; BRADLEY A. PISTOTNIK; AND BRIAN D. PISTOTNIK,

     *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Brave Law Firm, LLC ("Brave") brings this action asserting claims under the Lanham Act and Kansas state law based on allegations of false and deceptive advertising. There are five motions pending before the Court. Defendant Brian Pistotnik filed a Motion to Dismiss (Doc. 8) seeking dismissal based on insufficient service of process and failure to state a claim under which relief may be granted. Brave responded to this motion and filed a Motion to Strike Brian Pistotnik's Motion to Dismiss (Doc. 12) because it included evidence beyond the pleadings and did not comply with D. Kan. Local Rules 7.1 or 56.1. Defendants Truck Accident Lawyers Group ("TALG"), Brad Pistotnik Law, and Brad Pistotnik filed a Motion to Dismiss (Doc. 15) based on lack of subject matter jurisdiction and failure to state a claim for which relief may be

granted (Doc. 15).  Affiliated Attorneys of Pistotnik Law Offices, P.A. ("AAPLO") also filed a Motion to Dismiss (Doc. 18), which adopts and incorporates the arguments in TALG, Brad Pistotnik Law, and Brad Pistotnik's motion.  Finally, Brian Pistotnik moved to join in the motion to dismiss filed by TALG, Brad Pistotnik Law, and Brad Pistotnik (Doc. 17).  Because the Court does not have subject matter jurisdiction over Brave's Lanham Act claim and because Brave failed to sufficiently plead this claim, the Court dismisses Brave's Complaint as to each Defendant.

## I.        Factual and Procedural Background

Brave is law firm located in Wichita, Kansas, that offers legal services in the nature of personal injury work.  Defendants offer competing legal services in the same geographic area. Defendants Brian Pistotnik and Brad Pistotnik are lawyers practicing in Wichita, Kansas.  Brad and Brian formerly operated AAPLO, but that corporation dissolved by court order on January 15, 2015.  Brad Pistotnik is also associated with TALG and Brad Pistotnik Law.[1]

Brave alleges that Defendants disseminated false advertisements claiming high-dollar verdicts or settlements for their clients.  These advertisements appeared in various media formats including television advertisements, print ads, phone book ads, website content, "pay-per-click" advertising, and direct mail brochures.  As a recent example of Defendants' allegedly false advertising, Brave refers to an advertisement published by Defendants Brad Pistotnik and Brad Pistotnik Law depicting a woman holding a check with the words "$2.4 MILLION" displayed in bold text.  The advertisement contains a disclaimer stating, in part: "Amounts are gross recovery

---

[1] The Complaint does not specify the nature of Brad Pistotnik's association with TALG and Brad Pistotnik Law.

before fees and expenses."  Brave claims that this advertisement is false because the actual "gross recovery" before fees and expenses was $387,018, or 16% of what was advertised.

Brave is not aware of when the false and misleading advertisements began.  But, it alleges that phone book advertisements from 2007 show that Defendants Brad Pistotnik, Brian Pistotnik, and AAPLO were running false and misleading advertisements since at least that time.  Brave also alleges that TALG began running false and misleading advertisements on its website in 2010 and continued to do so until 2016, and that Pistotnik Law ran such advertisements from 2014 to present day.

Brave asserts three claims in its Complaint.  First, Brave alleges that Defendants violated the Lanham Act by engaging in false advertising and unfair business practices.  Second, Brave alleges that Defendants violated Kansas state law by tortiously interfering with Brave's prospective business advantage.  Specifically, Brave asserts that it had a business expectancy in the future economic benefit of individuals seeking a personal injury lawyer and that Defendants' allegedly false advertisements interfered with Plaintiff's realization of that expectancy.  And third, Brave alleges that AAPLO, Brian Pistotnik, and Brad Pistotnik engaged in a civil conspiracy under Kansas law.  Brave asserts that these Defendants agreed to disseminate false and misleading advertisements to make a profit and gain competitive advantage in the marketplace.  Defendants seek dismissal of each of the claims in Brave's Complaint.

## II.    Legal Standard

### A.    12(b)(1) Standard of Review

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a

jurisdictional grant by Congress."[2]  A standing challenge is an attack on the Court's subject matter

jurisdiction and analyzed under Rule (12)(b)(1).[3]  Rule 12(b)(1) motions take two forms: (1) a

facial attack on the sufficiency of complaint's allegations as to the court's jurisdiction or (2) a

factual attack on the facts upon which subject matter is based.[4]  This case involves a facial attack,

and therefore, the Court must view the factual allegations in the Complaint as true but viewed

through the *Iqbal/Twombly* plausibility standard.[5]  The burden of proof is on the party asserting

the court has jurisdiction.[6]

**B.      12(b)(6) Standard of Review**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, "to 'state a claim for relief that is plausible on its face.' "[7]  "[T]he mere metaphysical

possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is

insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable

likelihood of mustering factual support for these claims."[8]  The plausibility standard enunciated in

*Twombly*, seeks a middle ground between heightened fact pleading and "allowing complaints that

are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[2] *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir.1994).

[3] *See Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224-25 (10th Cir. 2012) ("Our court has repeatedly characterized standing as an element of subject matter jurisdiction.").

[4] *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

[5] *Id*. at 1002.

[6] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

action,' which the Court stated 'will not do.' "[9] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[10] The Court need only accept as true a plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[11]

### III.   Analysis

**A.   Defendants TALG, Brad Pistotnik Law, and Brad Pistotnik's Motion to Dismiss (Doc. 15) and Defendant AAPLO's Motion to Dismiss (Doc. 18)[12]**

Defendants assert multiple arguments as to why Brave's Complaint must be dismissed. First, Defendants argue that Plaintiff's Lanham Act claim fails because (1) Brave is not within the zone of interest protected by the statute; (2) Brave has not demonstrated injury proximately caused by the Defendants' alleged violation of the Lanham Act; and (3) Brave's Complaint lacks the specificity required by Rule 9(b). Second, Defendants argue that Brave lacks Article III standing as to all of its claims. Third, Defendants argue that Brave has failed to state a claim for tortious interference with prospective business advantage. And, fourth, Defendants argue that Brave has failed to state a claim for civil conspiracy.

The parties are not diverse, and Brave relies solely on federal question jurisdiction to assert its claims in federal court. Because of this, the Court first will address Brave's Lanham Act claim and then Brave's state law claims.

---

[9] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 555).

[10] *Iqbal*, 556 U.S. at 678.

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] Because AAPLO adopts and incorporates TALG, Brad Pistotnik Law, and Brad Pistotnik's Motion to Dismiss, the Court collectively refers to these parties as "Defendants."

### 1.      Brave's Lanham Act Claim

Brave asserts a false advertising claim under § 43(a) of the Lanham Act.  Section 43(a) of

the Lanham Act states as follows:

> (1) Any person who . . . in connection with any . . . services . . . uses in commerce
> any word, term, name, symbol, or device, or any combination thereof, or any false
> designation of origin, false or misleading description of fact, or false or misleading
> representation of fact, which—
>
> . . .
>
> (B) in commercial advertising or promotion, misrepresents the nature,
> characteristics, qualities, or geographic origin of his or her or another person's . . .
> services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is
> likely to be damaged by such act.[13]

Brave alleges that Defendants are liable under this statute because Defendants disseminated false

advertisements concerning the amount of their clients' recovery to Brave's detriment.

### a.      Article III Standing

Article III standing is a threshold question central to the Court's subject matter

jurisdiction.[14]  To establish Article III standing, a "plaintiff must have (1) suffered an injury in

fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to

be redressed by a favorable judicial decision."[15]  The plaintiff bears the burden of showing Article

III standing exists.[16]

---

[13] 15 U.S.C. § 1125(a).

[14] *United States v. McVeigh*, 106 F.3d 325, 334 (10th Cir.1997)

[15] *Spokeo, Inc. v. Robins*, -- U.S. --, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

[16] *Id*. (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

The Supreme Court has consistently stressed that a plaintiff's complaint must establish that the plaintiff has suffered an injury that is "legally and judicially cognizable."[17]  In other words, to establish an injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized.' "[18]  A "particularized" injury affects a plaintiff in a personal and individual way.[19]  A "concrete" injury "must actually exist."[20]  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the Court must] presum[e] that general allegations embrace those specific facts that are necessary to support the claim."[21]

Defendants argue that Brave has not plead sufficient facts to establish an injury in fact that is fairly traceable to Defendants' conduct.  Brave did not respond to this argument in response to Defendants' motion to dismiss other than to generally argue that because it has alleged sufficient facts to state a false advertising claim under the Lanham Act, then it has Article III standing.  After reviewing Brave's Complaint, the Court concludes that Brave has not established Article III standing.

Brave's only allegation of injury is the following conclusory statement: "As a proximate result of the Defendants' false advertising, Plaintiff has been and will continue to be, injured."  Brave's Complaint contains additional allegations regarding Defendants' intent in creating and disseminating the advertisements.  These allegations state that Defendants "elected to advertise

---

[17] *Raines v. Byrd*, 521 U.S. 811, 819 (1997).

[18] *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560).

[19] *Id*.

[20] *Id*.

[21] *Lujan*, 504 U.S. at 561 (internal quotation marks and citation omitted).

false and misleading results for past clients in order to gain a competitive edge in the marketplace"
and that the advertisements "were designed to intentionally mislead consumers in order to hire
them and thus unlawfully undermine business competitors, such as the Plaintiff."  But, an anti-
competitive purpose does not establish injury.[22]  Indeed, while these allegations state that the
advertisements were used by Defendants to gain a competitive edge in the marketplace or to
undermine business competitors, Brave never alleges that this result was achieved.

The Tenth Circuit addressed Article III standing in the context of a false advertising claim
in *Hutchinson v. Pfeil*.[23]  In that case, the plaintiff, who was the descendant of an artist, brought an
action against the owners of one of the artist's paintings, corporations that produced and printed
the exhibition catalog in which the painting appeared, and art historians whose work appeared in
the catalog annotation.[24]  The plaintiff alleged that the painting used by the defendants in the
exhibition catalog was an unfinished version with a forged signature and that the defendants
violated the Lanham Act by representing the painting in an exhibition catalog as the finished
product.[25]  The district court dismissed the case for lack of standing, and the Tenth Circuit
affirmed.[26]  The Tenth Circuit determined that the plaintiff lacked standing because the undisputed
facts showed that the plaintiff did not have the real painting, had never seen the real painting, and
did not know who possessed the real painting.[27]  The Tenth Circuit further determined that the

---

[22] *See Global Tech LED, LLC v. Hilumz Int'l Corp.*, 2016 WL 3059390, at *3 (M.D. Fla. 2016).

[23] 211 F.3d 515 (10th Cir. 2000).

[24] *Id*. at 520.

[25] *Id*.

[26] *Id*.

[27] *Id*.

plaintiff's "hopes of eventually obtaining . . . a [competitive] product are too remote at this stage to confer standing to challenge [the defendants'] advertising."[28]

The plaintiff argued that the absence of a demonstrable injury or likely threat of harm did not preclude him from bringing his claim because there is a presumption of causation and injury in false advertising cases where the defendant's representations are literally false or demonstrably deceptive.[29]  The Tenth Circuit, however, noted that this presumption was primarily invoked to resolve the merits of Lanham Act claims and had "been discussed, albeit rarely and unfavorably" with respect to standing.[30]  Ultimately, the Tenth Circuit did not decide whether the presumption applied in the standing context because it held that the plaintiff had no product in competition with the defendants and thus no standing to pursue his claim.[31]

In this case, Brave and Defendants offer competing legal services.  Even if Brave did argue that the Court should apply a presumption of injury in this case, the Court declines to do so.  The Tenth Circuit only discussed this presumption in dicta and did not decide whether it applied in the context of standing.

Other courts that have addressed standing in the context of a false advertising claim have generally concluded that for a plaintiff to establish injury, the complaint must set forth more than conclusory allegations.  Instead, the complaint must allege some factual matter supporting a reasonable inference that the plaintiff was injured by the defendant.[32]  Brave has made no such

---

[28] *Id.* (internal quotation marks and citation omitted).

[29] *Id.* at 521-22.

[30] *Id.* at 522.

[31] *Id.*

[32] *See Phoenix of Broward, Inc. v. McDonald's Corp.*, 489 F.3d 1156, 1161 (11th Cir. 2007), *abrogated on other grounds by Lexmark Intern, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014) (concluding that

allegations in its Complaint.  It has not alleged that potential clients chose Defendants as opposed to its legal services when seeking representation.  It has not alleged that it lost revenue because of Defendants' advertisements.  And it has not alleged that Defendants strengthened their market position as a result of Defendants' advertisements.  Brave's allegations solely relate to Defendants' intent in creating and disseminating the advertisements to the public.  Thus, the Court concludes that Brave has failed to allege an injury in fact.

Because Brave has failed to allege a sufficient injury, the Court cannot address the second and third elements of constitutional standing—causation and redressability.  Therefore, the Court concludes that Brave does not have Article III standing for his Lanham Act claim.  The Court will, however, grant Brave leave to amend its Complaint to properly allege an injury in fact, traceable to Plaintiff's false advertising, that is redressable by a favorable ruling within 14 days of this Memorandum and Order.

b.       Zone of Interest and Proximate Causation under *Lexmark*

Defendants make several arguments in the alternative as to why Brave has failed to adequately state a claim for false advertising under the Lanham Act.  Although the Court has already determined it does not have subject matter jurisdiction, it has granted Brave leave to amend its Complaint, and therefore it will address these arguments as well.

---

the plaintiff had Article III standing when it alleged that the customers were diverted from the plaintiff and that the plaintiff lost sales and incurred costs as a result of the false advertising); *Joint Stock Society v. UDV North America, Inc.*, 266 F.3d 164, 177 (3d Cir. 2001) (concluding that the injury in fact element could have been met by showing that consumers who bought the defendant's product under a mistaken belief would have otherwise bought the plaintiff's product); *C5 Medical Werks, LLC v. Ceramtec GmbH*, 2016 WL 4092955, at *3-*4 (D. Colo. 2016) (concluding that the plaintiff had not established an injury in fact when its allegations were conclusory and stating that if the plaintiff had asserted that the defendant's false advertising strengthened the defendant's market position and erected barriers to the plaintiff's market entry this might have satisfied the injury in fact requirement); *Nature's Earth Products, Inc. v. Planetwise Products, Inc.*, 2010 WL 4384218, at *2-*3 (S.D. Fla. 2010) (concluding that the plaintiff's allegation that the injury element of its Lanham Act claim was satisfied was insufficient to establish standing and that allegations of reduced sales and diverted customers may satisfy the injury in fact requirement).

In *Lexmark International, Inc. v. Static Control Components, Inc.*,[33] the Supreme Court set forth a two-part test that a plaintiff must meet to bring a false advertising claim under the Lanham Act.[34]  The first test is the "zone of interests" test, which is used to determine whether a particular plaintiff falls within the class of plaintiff the statute intended to protect.[35]  The second test is a proximate cause requirement, which prevents a plaintiff from recovering from a harm that is too remote form the defendant's unlawful conduct.[36]

Under *Lexmark*, to fall within the zone of interests, "a plaintiff must allege an injury to a commercial interest in reputation or sales."[37]  Defendants argue that Brave failed to meet this requirement because Brave only asserted one conclusory allegation in the Complaint regarding any alleged injury it suffered.  In response, Brave points to allegations stating that Defendants elected to advertise false and misleading results to gain a competitive edge in the marketplace and that Defendants intended for the advertisements undermine their business competitors, including Brave.  Again, however, these allegations relate to Defendants' intent in creating and disseminating the advertisements.  They do not set forth any injury that Brave suffered or will suffer.[38]  *Lexmark* makes clear that for a plaintiff to fall within the zone of interests, the plaintiff must assert an injury to a commercial interest in reputation or sales.  Brave's Complaint does not

---

[33] -- U.S. --, 134 S. Ct. 1377 (2014).

[34] *Id*. at 1391.

[35] *Id*. at 1388.

[36] *Id*. at 1390.

[37] *Id*.

[38] *See Global Tech LED*, 2016 WL 3059390, at *3.

meet this requirement.[39]   "If [a] plaintiff has nothing on which it can base a clear and direct allegation that it has suffered an injury, this litigation is grounded on pure speculation, something that *Twombly* . . . and *Iqbal* . . . prohibit."[40]   Accordingly, Brave's allegations do not satisfy the zone of interests test.

Brave also argues that because it is seeking injunctive relief, it is not required to show past or present injury.  Relying on the Supreme Court's decision in *POM Wonderful LLC v. Coca-Cola, Co.*,[41] Brave asserts that a plaintiff "need only allege that it may suffer 'an injury to a commercial interest . . .' " to have statutory standing.[42]   *POM Wonderful*, however, made no such finding. Rather, *POM Wonderful* held that a "competitor" under the Lanham Act is one who "may suffer 'an injury to a commercial interest in sales or business reputation proximately caused by [a] defendant's misrepresentations.' "[43]   *POM Wonderful* reasserts that "the private remedy [under the Lanham Act] may be invoked only by those who 'allege an injury to a commercial interest in reputation or sales.' "[44]   Unlike Brave, the plaintiff in *POM Wonderful* alleged lost sales.

To the extent Brave has not asserted an injury to a commercial interest in sales, Brave has failed to meet the proximate cause test.[45]   In other words, because Brave has not asserted a viable

---

[39] *Lexmark*, 134 S. Ct. at 1391.

[40] *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 2017 WL 4310671, at *4 (N.D. Ill. 2017).

[41] 534 U.S. --, 134 S. Ct. 2228 (2014).

[42] *Id*. at 2234.

[43] *Id*. (quoting *Lexmark*, 134 S. Ct. at 1395).

[44] *Id*. (quoting *Lexmark*, 134 S. Ct. at 1390).

[45] *See Globel Tech LED*, 2016 WL 3059390, at *3 (dismissing Lanham Act claim where the pleadings "contain no . . . allegations of commercial or reputational injury, nor plead a causal link between the misrepresentations and that injury.").

injury in its Complaint, it has not shown an "injury flowing directly from the deception wrought by [Defendants'] advertising."[46]  The Court notes, however, that if Brave amends its Complaint to assert an injury to a commercial interest in reputation or sales, the proximate cause test will most likely be met.  In *Lexmark*, the Supreme Court explained that the "classic Lanham Act false-advertising claim" is one in which a competitor induces customers to purchase its products instead of those of the plaintiff by making false statements about its own goods or the competitor's goods.[47]  Should Brave allege an appropriate injury, its claim appears to be a "classic Lanham Act false-advertising claim" where the diversion of sales away from Brave and to Defendants is a direct injury.[48]

The Court dismisses Brave's Lanham Act claim on the basis that it has not met the pleading requirements set forth in *Lexmark*.  However, if Brave can properly allege its claim to meet these requirements, it may amend its Complaint and reassert this claim within 14 days of the date of this Memorandum and Order.

### c.        Specificity under Fed. R. Civ. P. 9

Defendants next argue that Brave's Lanham Act claim must be dismissed because Brave's claim sounds in fraud and its allegations are insufficiently specific.  Fed. R. Civ. P. 9 applies a heightened pleading requirement to certain claims, including those sounding in fraud or mistake.  Under this rule, a party "must state with particularity the circumstances constituting fraud or

---

[46] *Lexmark*, 134 S. Ct. at 1391.

[47] *Lexmark*, 134 S. Ct. at 1393.

[48] *See id.* (stating that the diversion of sales to a direct competitor is "the paradigmatic direct injury from false advertising").

mistake."[49]  The Tenth Circuit has not addressed whether a false advertising claim brought under the Lanham Act is subject to Rule 9(b)'s heightened pleading standard.  However, at least two other district court decisions within the Tenth Circuit have held that Rule 9(b) applies to Lanham Act claims "only insofar as the factual averments allege intentional or knowing misrepresentations."[50]  This approach asks the Court to "focus on discrete factual averments, rather than the elements of the legal claim" and apply 9(b) only when the factual allegations underlying a particular theory of recovery "sound in fraud."[51]

Brave concedes that Rule 9(b) applies to its Lanham Act claim in this case, and the Court agrees.  Brave has alleged that Defendants designed the advertisements "to intentionally mislead consumers in order to hire them," and that the advertisements "actually deceived a substantial segment of the audience and were intentionally designed to do so."  These allegations sound in fraud.

Brave's pleadings, however, do not meet the heightened pleading standard of Rule 9(b).  "[A] party alleging fraud must describe the circumstances of the fraud, i.e., the time, place, and content of the false representation; the identity of the person making the representation; and the harm caused by the complainant's reliance on the false representation."[52]  Furthermore, with regard

---

[49] Fed. R. Civ. P. 9(b).

[50] *Integrated Bus. Tech., LLC v. Netlink Sols.*, 2016 WL 4742306, at *4 (N.D. Okla. 2016) (quoting *Cocona, Inc. v. Singtex Indus. Co.*, 2014 WL 5072730, at *8 (D. Colo. 2014)).

[51] *Id.*

[52] *Paradigm Alliance, Inc. v. Celeritas Tech., LLC*, 659 F. Supp. 2d 1167, 1183 (D. Kan. 2009) (quoting *Zhu v. Countrywide Realty, Co., Inc.*, 165 F. Supp. 2d 1181, 1200 (D. Kan. 2001)).

to the "who" element, a plaintiff "must set forth separately the acts complained of by each defendant to satisfy the particularity requirement."[53]

In paragraphs 29-34, Brave's allegations relate to a screen shot of an alleged advertisement for Brian Pistotnik and Brad Pistotnik Law.  Brave has not specifically alleged, however, when or how this advertisement was disseminated.  Similarly, in paragraphs 35-37, Brave alleges that all of the Defendants disseminated advertisements claiming that they obtained a jury verdict of $4.1 million in a personal injury case but that the gross recovery in that case was only $850,000.  Again, Brave has not alleged when the false statements were made or how the false statements were disseminated, i.e., what medium was used to disseminate them.  In paragraph 38, Brave alleges that "Defendants" ran ads featuring false "gross recoveries" for various verdicts, including ones for $1.1 million, $845,000, and $4.1 million.  This allegation does not specifically allege "who" ran these advertisements, when they were ran, or what the false statements were.  And, in paragraphs 51-53, Brave alleges that Defendants Bradley Pistotnik, Brian Pistotnik, and the AAPLO ran false and misleading advertisements in various phone books from 2007 to 2015.  These allegations are also lacking in specificity, as they do not offer any details regarding what the false statements were or when the false statements were specifically made.  Because Brave has not met the heightened pleading requirement of Rule 9(b), its Lanham Act claim is therefore dismissed.  Brave shall be permitted to file an amended complaint providing greater factual detail regarding the Lanham Act claim no later than 14 days from the date of this Memorandum and Order.

---

[53] *Regal Ware, Inc. v. Vita Craft Corp.*, 653 F. Supp. 2d 1146, 1154 (D. Kan. 2006) (citation omitted); see *also Robbins*, 519 F.3d at 1250 (stating that using the collective term "Defendants" does not meet the standard set forth in *Twombly*).

2.      *Brave's State Law Claims*

Brave asserts two Kansas state law claims:  tortious interference with prospective business advantage and civil conspiracy.  Because the Court has dismissed Brave's Lanham Act claim, it declines to exercise supplemental jurisdiction over them under 28 U.S.C. § 1367(c).[54]  The Court recognizes, however, that Defendants also seek to dismiss Brave's state law claims under Rule 12(b)(6) for failure to state a claim and that it granted Brave leave to amend its Lanham Act claim.[55] Assuming that Brave will include its state law claims in any amended complaint it may file, the Court will address whether Brave's claims survive a Rule 12(b)(6) inquiry.

a.      Tortious Interference with Prospective Business Advantage Claim

Under Kansas law, the elements of tortious interference with prospective business advantage claim are (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) the plaintiff was reasonably certain to have continued the relationship or realized the expectancy but for the conduct of the defendant; (4) intentional misconduct by the defendant; and (5) the damages the plaintiff suffered are a direct and proximate cause of the defendant's misconduct.[56]  The plaintiff also must prove malicious conduct by the defendant.[57]

---

[54] *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1217 (10th Cir. 2014) (stating that the "court properly acted under § 1367(c) in declining further supplemental jurisdiction over state law claims" after federal claims were dismissed).

[55] Defendants also contend, very briefly and with little detail, that Brave's state law claims should be dismissed for lack of standing. Because Defendants' motion focuses primarily on whether the state law claims survive a Rule 12(b)(6) challenge, the Court declines to address the standing argument.

[56] *Turner v. Halliburton Co.*, 240 Kan. 1, 722 P.2d 1106, 1115 (1986).

[57] *Id.*

In addition to incorporating its allegations from its Lanham Act claim, Brave alleges as follows for its tortious interference claim:

> [1] The Plaintiff had a business expectancy with the probability of future economic benefit with individuals seeking representation in connection with a personal injury and Defendants were aware of this fact.

> [2] Except for the false and misleading advertising schemed utilized by the Defendants, as described herein, the Plaintiff was reasonably certain to have realized this expectancy;

> [3] The Defendants intentionally ran this false advertising scheme;

> [4] The Defendants' conduct was malicious in that it was a harmful act that was willfully carried out without any reasonable justification or excuse; and

> [5] Plaintiff has sustained damages as a result.

Brave's tortious interference claim does not meet the requirements of Rule 8. These allegations are nothing more than a formulaic recitation of the elements of the claim. Furthermore, Brave has failed to allege any facts establishing the elements of its claim. For example, nothing in the Complaint suggests that Brave had a business expectancy with a probable future economic benefit from any person. Kansas law requires Brave to demonstrate that it "was reasonably certain" to have realized a future economic benefit.[58] Brave has not identified any individuals that would have engaged its services but for Defendants' advertisements. Nor has it alleged any facts from which the Court could conclude that a potential client would have hired Brave as opposed to any other personal injury attorney in Wichita, Kansas. Accordingly, Brave's tortious interference claim fails to state a claim upon which relief may be granted.

---

[58] *Triple-I Corp. v. Hudson Assoc. Consulting, Inc.*, 713 F. Supp. 2d 1267, 1287 (D. Kan. 2010) (citation omitted).

b.       Civil Conspiracy

To state a claim for civil conspiracy under Kansas law, a plaintiff must allege:  "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful acts; and (5) damages as the proximate result thereof."[59] Furthermore, "a civil conspiracy claim is not actionable without the commission of a wrong giving rise to a cause of action independent of the conspiracy claim."[60]

Defendants allege that Brave does not properly state a claim for civil conspiracy because Brave does not allege that there was a meeting of the minds between two or more persons.  The Court agrees.  Brave only alleges that Defendant Brad Pistotnik carried out a false and misleading advertising campaign and that Defendants AAPLO and Brian Pistotnik authorized, ratified, and approved the false and misleading marketing efforts.  Mere participation in an allegedly unlawful course of action is not sufficient to satisfy the "meeting of the minds" element of a civil conspiracy claim.[61]

Moreover, at this point, Brave cannot allege a claim for civil conspiracy because there is no valid underlying tort upon which Brave can base its claim.[62]  The Court has dismissed Brave's

---

[59] *Stoldt v. City of Toronto*, 234 Kan. 957, 678 P.2d 153, 161 (1984) (quoting *Citizens State v. Gilmore*, 226 Kan. 662, 603 P.2d 605, 606 (1979)).

[60] *Carson v. Lynch Multimedia Corp.*, 123 F. Supp. 2d 1254, 1261 (D. Kan. 2000) (citation omitted).

[61] *See, e.g., Kincaid v. Dess*, 48 Kan. App. 2d 640, 289 P.3d 358, 369-70 (2013) (finding no civil conspiracy where there was no evidence "that there was ever an agreement or meeting of the minds").

[62] *See Meyer Land & Cattle Co., v. Lincoln Cty. Conserv. Dist.*, 29 Kan. App. 2d 746, 31 P.3d 970, 977 (Kan. Ct. App. 2001) (stating that a civil conspiracy claim must be based on a valid, actionable underlying tort).

Lanham Act claim and its tortious interference claim.[63]   Thus, the claim is not permitted under

Kansas law.

**B.      Brian Pistotnik's Motion to Join TALG, Brad Pistotnik Law, and Brad Pistotnik's Motion to Dismiss (Doc. 17); Brian Pistotnik's Motion to Dismiss (Doc. 8); and Brave's Motion to Strike (Doc. 12)**

Despite filing his own motion to dismiss, Defendant Brian Pistotnik moves to join the

motion to dismiss filed by Defendants TALG, Brad Pistotnik Law, and Brad Pistotnik.   Brave

opposes this motion, arguing that that Rule 12(g)(2) prevents Brian Pistotnik from filing a second

Rule 12(b)(6) motion.   Rule 12(g)(2) states in relevant part: "Except as provided in Rule 12(h)(2)

. . . a party that makes a motion under this rule must not make another motion under this rule

raising a defense or objection that was available to the party but omitted from its earlier motion."[64]

Although Rule 12(g)(2) precludes successive motions under Rule 12, it is subject to Rule 12(h)(2),

which allows parties to raise the defense of failure to state a claim upon which relief may be granted

in any pleading allowed under Rule 7(a), in a motion for judgment on the pleadings under Rule

12(c), or at trial. [65]   In *Albers v. Board of County Commissioners of Jefferson County, Colorado*,[66]

the Tenth Circuit recognized that district courts have struggled with these rules when a party raises

a previously available argument in a motion to dismiss for failure to state a claim under Rule

---

[63] It's not clear whether Brave bases its civil conspiracy claim upon its tortious interference claim or its false advertising claim.  To the extent that Brave relies on its false advertising claim as the underlying tort, Defendants argue that Brave's claim is not recognizable under Kansas law because a statutory violation is not a tort.  Defendants rely on *White v. Graceland College Center for Prof. Development & Lifelong Learning, Inc.*, in support of this argument, but the Court questions the applicability of this case because it involved a claim under the Family and Medical Leave Act and not the Lanham Act.  2008 WL 4148602, at *3 (D. Kan. 2008).  Regardless, the Court need not fully address Defendants' argument at this time because it has already dismissed the Lanham Act claim.

[64] Fed. R. Civ. P. 12(g)(2).

[65] Fed. R. Civ. P. 12(h)(2).

[66] 771 F.3d 697 (10th Cir. 2014).

12(b)(6) before a responsive pleading is filed.[67]  Persuaded by the reasoning of the Third Circuit, the Tenth Circuit concluded that even if the district court did allow a successive 12(b)(6) motion in violation of Rule 12(g)(2), such error would be harmless because the movant could present the previously available argument in a motion for judgment on the pleadings under Rule 12(c).[68]  Thus, even though Brian Pistotnik has already filed one motion to dismiss, the Court will allow him to join TALG, Brad Pistotnik Law, and Brad Pistotnik's motion because he could raise these arguments in a Rule 12(c) motion for judgment on the pleadings.

In addition, TALG, Brad Pistotnik Law, and Brad Pistotnik's motion also challenges the Court's subject matter jurisdiction, and Brian Pistotnik is not barred from raising this challenge after filing his own motion to dismiss. "[B]ecause parties cannot waive subject-matter jurisdiction, they can challenge it 'at any time prior to final judgment.' "[69]  Thus, even if the Court didn't allow Brian Pistotnik to join Defendants' motion to dismiss under Rule 12(b)(6), he may join its motion under Rule 12(b)(1).

The Court grants Brian Pistotnik's Motion to Join TALG, Brad Pistotnik Law, and Brad Pistotnik's Motion to Dismiss.  Accordingly, Braves claims against him are dismissed.  Brave may amend its claims against Brian Pistotnik consistent with this Memorandum and Order within 14 days.

Finally, the Court denies Brian Pistotnik's Motion to Dismiss and Brave's Motion to Strike Brian Pistotnik's Motion to Dismiss as moot.

---

[67] *Id*. at 702.

[68] *Id*. at 703-04 (citing *Walzer v. Muriel Siebert & Co.*, 447 F. App'x 377, 379 (3d Cir. 2011)).

[69] *See City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) (quoting *Grupo Dataflux v. Atlas Global Grp., LP*, 541 U.S. 567, 571 (2004)).

**IT IS THEREFORE ORDERED** that Defendants TALG, Brad Pistotnik Law, P.A., and Brad Pistotnik's Motion to Dismiss (Doc. 15) is **GRANTED**.  Brave may amend its Complaint consistent with this Memorandum and Order within 14 days.

**IT IS FURTHER ORDERED** that Defendant AAPLO's Motion to Dismiss (Doc. 18) is **GRANTED**.  Brave may amend its Complaint consistent with this Memorandum and Order within 14 days.

**IT IS FURTHER ORDERED** that Defendant Brian Pistotnik's Motion to Join Defendants' Truck Accident Lawyers Group, Inc., Brad Pistotnik Law, P.A., and Brad Pistotnik's Motion to Dismiss (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Brian Pistotnik's Motion to Dismiss (Doc. 8) is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff Brave Law Firm's Motion Motion to Strike Brian Pistotnik's Motion to Dismiss (Doc. 12) is **DENIED as MOOT**.

**IT IS SO ORDERED**.

Dated this 26th day of June, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE