UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRAVE LAW FIRM, LLC,

        Plaintiff,

v.                                            Case No. 17-1156-EFM

TRUCK ACCIDENT LAWYERS
GROUP, INC., et al.,

        Defendants.

**ORDER**

In this case between two competing personal-injury law firms, plaintiff alleges that defendants advertised achieving gross recoveries for past clients that never actually happened. At the heart of the case is defendants' advertisement that they obtained a $9 million settlement.[1] In an August 8, 2019 order, the court granted plaintiff's request to compel production of documents related to the advertised settlement.[2] The court also entered a protective order governing disclosure of information in the produced documents, so as to protect the privacy of the past clients (nonparties to this suit).[3]

---

[1] The settlement was actually in the amount of $9.5 million, but the advertisement described it as "$9 million."

[2] ECF No. 86.

[3] ECF No. 86-1.

1

From those orders, two new disputes have arisen, which are now before the court. First, plaintiff has filed a motion for sanctions (ECF No. 92), alleging defendants have refused to comply with the court's order that defendants produce documents responsive to Document Request No. 8. Second, defendants have filed a motion for a protective order prohibiting plaintiff from publicly disclosing the identities of the litigants to the underlying settled lawsuit (ECF No. 96). For the reasons discussed below, both motions are granted.

Motion for Sanctions Based on Defendants' Response to Request No. 8 (ECF No. 92)

In Document Request No. 8, plaintiff sought, "Documents proving you, or any law firm you were associated with, received and/or deposited funds received in connection with the alleged $9,500,000 settlement you claim you obtained on behalf of a former client . . . ."[4] Defendants responded, "The only documents in Defendants' possession, custody, or control responsive to this request are withheld from disclosure and production because such disclosure and/or production is ethically prohibited by KRPC 1.6, because such disclosure and/or production is prohibited by contract, and because the request seeks to invade the privacy rights of individuals and/or entities who/which are not parties to this litigation."[5] Plaintiff challenged defendants' objections in a motion to compel,[6] and the parties fully

---

[4] ECF No. 81-4 at 6.

[5] *Id.*

[6] ECF No. 80.

briefed the issue.[7] The court overruled defendants' objections and ordered defendants to produce responsive documents by August 26, 2019.[8]

Rather than produce the documents, on August 26, 2019, defendants served a "supplemental response" that stated, "In accordance with the Court's August 8, 2019 Order, Defendants searched diligently for records reflecting receipt or deposit of such settlements funds and are not in possession, custody, or control of any responsive documents."[9] In the briefing of the instant motion, defendants say documents produced in response to other requests for production could also prove defendants received funds from the settlement and thus, in hindsight, should have been identified as responsive also to Request No. 8.[10]

The court finds this "mistake of counsel" explanation wholly unpersuasive. The record is much more consistent with an inference that defendants and their lawyer were intentionally obtuse and evasive in originally answering Request No. 8, essentially inviting plaintiff's counsel (and the court) to go down a rabbit hole. This is a clear violation of Fed. R. Civ. P. 26(g).

---

[7] ECF Nos. 81 and 85.

[8] ECF No. 86 at 10-11, 19.

[9] ECF No. 92-1 at 6-7.

[10] ECF No. 102 at 3. Defendant state they have served a second supplemental response so stating, but they did not submit a copy of said response.

Rule 26(g)(1) places an obligation on counsel signing a discovery response to conduct a "reasonable inquiry" into whether his client has discoverable information. "Counsel has an obligation to assure that the client complies with discovery obligations and court orders and, thus, careful inquiry by counsel is mandated in order to determine the existence of discoverable documents and to assure their production."[11] Counsel, or the party on whose behalf they signed, are subject to mandatory monetary sanctions for incorrectly certifying, without substantial justification, a discovery response as complete and correct at the time it is made.[12]

Here, the record is clear that defendants and their counsel originally indicated documents responsive to Request No. 8 existed. At no time during the pendency of the motion to compel production of said documents did defendants revise their response. Rather, only after the court ordered the documents produced did defendants "search[] diligently" for the documents and come up empty handed. Had defendants and their counsel satisfied their Rule 26(g) obligation to make a reasonable inquiry *before* serving their signed discovery responses, plaintiff would not have moved to challenge their objections and the court would not have invested time and resources in deciding the matter. Whether defendants' answer was a blatant lie to mislead plaintiff, or whether it reflects a

---

[11] *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1229 (10th Cir. 2015) (quoting *Resolution Trust Corp. v. Williams*, 162 F.R.D. 654, 658 (D. Kan. 1995)) (modifications and quotation marks in original omitted).

[12] *Id.* at 1227 (citing Rule 26(g)(1), (3)).

failure of defendants and their counsel to conduct a "reasonable inquiry" into whether defendants had responsive documents in their possession, custody, or control, ultimately is of no matter.

Defendants' recently modified explanation of their actions does not hold water. In their response brief to the instant motion, defendants state documents produced in response to Request Nos. 6 and 7 could also apply to Request No. 8. But the documents defendants reference—the underlying settlement agreement, an attorney's fee-division agreement, and declarations from co-counsel stating defendants were involved in obtaining the settlement—are *not* responsive to Request No. 8's request for documents showing defendants actually received or deposited funds from the settlement. Thus, the court rejects defendants' after-the-fact creative recasting of the documents.

In its motion for sanctions, plaintiff requests "the Court order the Defendants to fully respond to Request No. 8 as previously ordered, and that reasonable attorneys' [fees] be assessed against the Defendants."[13] The first request for relief appears impossible to grant. In addition to defendants' supplemental response asserting they have no possession, custody, or control over responsive documents, defendants' response to the instant motion explains that they have no legal or practical ability to obtain bank records or other documents that might reflect defendants' receipt of funds.[14]

---

[13] ECF No. 92 at 5.

[14] ECF No. 102 at 3-5, 7-9, n.5.

5

The court can, however, grant plaintiff's request for attorney's fees. As noted above, such sanctions are mandated by Rule 26(g) based on defense counsel's violation of that rule. Accordingly, by **September 27, 2019**, the parties are ordered to confer and attempt to reach agreement on the amount of attorney's fees defendants and their counsel will pay to plaintiff in connection with Request No. 8. In the hopefully unlikely event the parties cannot reach an agreement, then by **October 1, 2019**, plaintiff shall file an accounting of the costs and legal fees (including supporting documentation, such as attorney time sheets) it sustained in regard to filing and briefing the portion of its motion to compel attributable to Response No. 8, and to the motion for sanctions. Thereafter, defendants may, if they believe it necessary, file a response to plaintiff's filing by **October 3, 2019**. The sanction liability shall be equally divided between defendants and attorney Richard A. Olmstead, the Rule 26(g) signatory to the response. Olmstead is barred from seeking reimbursement from his law firm.[15]

<u>Motion for Protective Order Prohibiting Plaintiff from Disclosing the Names of the Parties in the Underlying Settled Lawsuit (ECF No. 96).</u>

The court's August 8, 2019 order, as noted above, directed defendants to produce a copy of the settlement agreement discussed in their advertisement, and ordered the

---

[15] Although the court may have been inclined to impose sanctions beyond the fee award, plaintiff's motion did not make any concerted request for the same. *See* ECF No. 92 at 5.

settlement agreement subject to a simultaneously issued protective order. Defendants produced the agreement, and from it plaintiff learned the names of the settling parties. Plaintiff used that information to locate the underlying lawsuit and files therein. The judgment in the underlying lawsuit (which lays out some of the terms of the settlement reached) is publicly filed, as is the petition therein. Plaintiff has taken the position that the publicly filed documents are not subject to the protective order, so may be publicly disclosed. Defendants argue a litigant should not be able to use confidential information subject to a protective order to obtain other documents and then publicize the other documents so as to reveal the confidential information.

Although a close call, the court grants defendants' motion. In the abstract, plaintiff is correct that the policy in this district is not to protect from disclosure documents that are available to the public.[16] But the issue here is more complex. As a matter of basic fairness, practicality, and respect for court orders, the court holds a litigant may not use confidential information that the court has *specifically* ruled subject to the court's protective order to obtain documents and then use those documents to publicize the very confidential information that the court protected.

The issue of the identity of non-parties to this suit (i.e., the names of the parties to the underlying settlement) was before the court in plaintiff's motion to compel production

---

[16] *See, e.g.,* District of Kansas form protective order, available at http://www.ksd.circ10.dcn/index.php/forms-2/.

of the underlying settlement agreement. Defendants argued it was particularly important to protect the confidential information of non-parties.[17] The court agreed, and although the court ordered the settlement agreement produced to plaintiff, the court expressly determined that the information defendants sought to protect *would be protected* by a simultaneously entered protective order: "Based on the concerns expressed by defendants (e.g., that the information implicates the rights of nonparties, attorney-client relationships, and ethics rules), the court finds good cause to enter a protective order in this case that tracks the court's pre-approved form protective order."[18] The court thus contemplated the identity of the parties to the underlying settlement would be protected.

The court will not permit plaintiff to make an end-run around its orders. Allowing a party to use confidential information subject to a protective order to locate and disclose public documents that would reveal the confidential information would defeat the very purpose of the protective order.[19] Defendants' motion is therefore granted. Plaintiff is

---

[17] *See, e.g.,* ECF Nos. 81 at 15, 85 at 2

[18] ECF No. 86 at 18-19. *See also id.* at 6-7 ("Thus, the court rejects confidentiality as a basis to protect the settlement agreements from production to Brave. However, as mentioned above and as set out further below, the court does address defendants' confidentiality concerns by enter a protective order limiting disclosure of documents."); *id.* at 11 ("The interests of nonparties will be protected by the protective order limiting disclosure.").

[19] The court agrees with defendants that so doing would be akin to permitting a party in a trade-secret case to use its competitor's confidential customer list, produced under a protective order, to locate, screenshot, and publicly disclose those customers' public webpages with the explanation, "Attached are the publicly available webpages for each of my litigation adversary's fifty-seven customers."

hereby prohibited from directly or indirectly linking the publicly filed documents obtained from the underlying lawsuit to the present case in any statements he makes outside the record in this case.

In reflecting upon the above motions, the court is again struck by the sharp practices taken by counsel on both sides of this case. During the scheduling conference conducted early in this case, the undersigned expressed his view that this bitter dispute between lawyers had very little jury appeal (or any appeal to the casual bystander). The issues subsequently raised in this case cast the parties in an even paler light. Quite simply, the level of civility and professionalism the court would expect from counsel of record is wholly lacking. The court urges counsel to change course sooner, rather than later.

IT IS THEREFORE ORDERED that plaintiff's motion for sanctions (ECF No. 92) is granted and attorney's fees are awarded as set forth above.

IT IS FURTHER ORDERED that defendants' motion for a protective order prohibiting plaintiff from publicly disclosing the identities of the litigants to the underlying settled lawsuit (ECF No. 96) is granted.

Dated September 20, 2019, at Kansas City, Kansas.

                                               s/ James P. O'Hara
                                              James P. O'Hara
                                              U.S. Magistrate Judge