## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BRAVE LAW FIRM, LLC,

       *Plaintiff,*

  vs.

TRUCK ACCIDENT LAWYERS GROUP,
INC., BRAD PISTOTNIK LAW, P.A, and
BRADLEY A. PISTOTNIK,

       *Defendants.*

Case No. 17-1156-EFM

## MEMORANDUM AND ORDER

In this lawsuit, Plaintiff Brave Law Firm alleged that Defendants Truck Accident Lawyers Group, Inc., Brad Pistotnik Law, P.A., and Brad Pistotnik violated the Lanham Act and Kansas state law when they falsely advertised monetary recoveries they obtained for past clients. The Court closed the case in February 2020 after enforcing the settlement agreement between the parties. More than three years later, in October 2023, the Court reopened the case based on Defendants' allegations that a transcript filed on the docket was not properly redacted and that Plaintiff's attorney, Stephen Brave, had violated a protective order entered by Magistrate Judge O'Hara during discovery. Pending before the Court are four motions: (1) Defendants' Motion to Strike Transcript and Substitute Redacted Transcript (Doc. 157); (2) Defendants' Motion for Contempt (Doc. 166); (3) Defendants' Motion to Seal or Redact Provisionally Sealed Exhibits

(Doc. 171); and (4) Plaintiff's Motion to Unseal Document 99-1 (Doc. 173).  For the reasons set forth below, the Court grants Defendants' Motion to Strike Transcript and Substitute Redacted Transcript and Defendants' Motion to Seal or Redact Provisionally Sealed Exhibits.  The Court denies Defendants' Motion for Contempt and Plaintiff's Motion to Unseal Document 99-1.

## I.        Factual and Procedural Background

Plaintiff filed suit in July 2017 asserting claims of false advertising and unfair competition under the Lanham Act and claims for violation of Kansas law.  Plaintiff alleged that Defendants falsely advertised achieving gross recoveries for past clients that never actually happened.  Central to Plaintiff's claims was Defendants' advertisement that they obtained a $9 million settlement on behalf of their former clients (the "Settlement").

During discovery, Plaintiff sought production of the Settlement.  Defendants opposed production arguing the need to maintain the privacy of their clients' identities, the fact that the Settlement contained a nondisclosure clause, and potential ethical concerns of their attorneys. Magistrate Judge O'Hara ordered Defendants to produce a copy of the Settlement and that the Settlement be subject to a simultaneously issued protective order.  The Settlement showed the caption of the case underlying the settlement, and with that information, Plaintiff obtained copies of the case filings directly from that court.  Defendants then filed a motion for a second protective order requiring Brave to preserve the confidentiality of the parties' to the Settlement.  Plaintiff argued it was not required to keep the former clients' identities confidential because this information was publicly available in the documents it obtained from the originating court.

Magistrate Judge O'Hara granted Defendants' motion holding that "a litigant may not use confidential information that the court has *specifically* ruled subject to the court's protective order to obtain documents and then use those documents to publicize the very confidential information

that the court protected."  Magistrate Judge O'Hara noted that it previously "contemplated the identity of the parties to the underlying settlement would be protected" and thus it would "not permit the plaintiff to make an end-run around its orders."  Plaintiff filed Fed. R. Civ. P. 72(a) objections with this Court, but it affirmed Magistrate Judge O'Hara's Order.

At some point in the litigation, Brave "agreed to dismiss this lawsuit upon receipt of authenticated, admissible proof that the $9,000,000 . . . settlement advertised by all of the Defendants occurred as advertised."  Defendants produced documents showing that Defendant Brad Pistotnik was counsel in the Settlement.  Brave, however, still declined to dismiss the case. Defendants then filed a Motion to Enforce Settlement Agreement.  Attached to that motion was a redacted copy of the Settlement.  When filing its response, Plaintiff moved to file a unredacted copy of the Settlement under seal (Doc. 99-1).  Magistrate Judge O'Hara granted Plaintiff's motion.

The Court held a hearing on Defendants' Motion to Enforce the Settlement Agreement on February 4, 2020.  At the beginning of the hearing, Defendants' counsel raised the issue of protecting the identities of the parties to the Settlement.  The Court questioned whether it was going to be necessary for counsel to use the parties' names during the hearing.  Defendants' counsel assured him it could be based on the arguments Plaintiff raised in its response.  The Court responded by stating:

> I am reluctant, very reluctant – and I guess you didn't ask that the courtroom be closed.  I'm reluctant to do that.  To the extent that redactions need to occur in a transcript, I guess we can take those up.  What I would encourage the parties to do . . . is to the extent possible try to keep confidential names out of the testimony.

After the transcript of the February 2020 hearing was filed on the docket (Doc. 157), Defendants moved to redact the transcript to seal the names.  At the time, Defendants only

identified one instance in which a confidential identity was disclosed within the transcript.  The Court granted the motion.

The Court subsequently granted Defendants' Motion to Enforce Settlement and dismissed the case with prejudice.  Plaintiff appealed the Court's ruling to the Tenth Circuit, but the Tenth Circuit affirmed the Court's decision.  Specifically, the Tenth Circuit upheld the settlement agreement between Plaintiff and Defendants.  It also ruled that the Court did not abuse its discretion in upholding Magistrate Judge O'Hara's protective order protecting the identities of Defendants' former clients.  The Tenth Circuit rejected Plaintiff's argument that the names were publicly available.  Instead, it focused on the circumstances of the case, finding that Plaintiff inappropriately obtained the identities by leveraging material that was subject to a protective order.

Plaintiff did not appeal the Tenth Circuit's decision to the United States Supreme Court, thus ending the federal litigation.  The parties, however, continued to litigate additional disputes filed by Plaintiff's attorney, Mr. Brave, against Defendants in Kansas state court.  On March 10, 2023, Mr. Brave used the February 2020 transcript from this case as an exhibit to a motion in the Sedgwick County District Court case *Hernandez v. Pistotnik*.  When reviewing the exhibit, Defendants learned that there were two additional instances in which the confidential identity of one of the parties to the Settlement was identified within the transcript.  Defendants' counsel asked Brave to substitute a properly redacted transcript in the state court proceeding and for Plaintiff to agree to substitute a properly redacted transcript in this case.  Brave refused.

Because of Brave's refusal to cooperate, Defendants moved the Court to reopen this case for purposes of filing a motion to strike the current transcript and substitute a properly redacted transcript and to file a motion for civil contempt.  While Defendants' motion to reopen was pending, Brave, as counsel for Plaintiff, filed documents identifying the parties to the Settlement

and the underlying litigation in a second case filed by Mr. Brave against Defendants in Sedgwick County District Court, *Eby v. Pistotnik.*

After the Court reopened this case, Defendants moved for an order striking the current redacted transcript of the February 2020 hearing and substituting a properly redacted one in its place.  Defendants also filed a motion to hold Stephen Brave in contempt for violating Magistrate Judge O'Hara's protective order in both the *Hernandez* litigation and the *Eby* litigation. As a separate motion, pursuant to D. Kan. Rule 5.4.2, Defendants moved to file the exhibits to their Motion for Contempt under seal.  Plaintiff subsequently filed a Motion to Unseal Document 99-1, which is an unredacted copy of the Settlement.

## II.    Analysis

### A.    Defendants' Motion to Strike and Substitute Redacted Transcript

Defendants move the Court to strike the current redacted transcript of the February 2020 hearing and substitute it with a properly redacted one.  According to Defendants, the current redacted transcript contains two additional instances where the confidential identity of one of the parties to the Settlement was disclosed.  Defendants failed to identify these two instances when they originally moved to redact the transcript and therefore now move to correct the error and properly redact it.

In response, Plaintiff argues that Defendants' motion should be denied because it does not comply with D. Kan. Rule 5.4.2.  This Rule, which was amended January 4, 2023, sets forth the procedure for filing documents under seal or redacting them on the docket.  Under the Rule, a party who is filing a document containing confidential information must first provisionally file the

document under seal and a notice of proposed sealed record.[1]  Then, the proponent that seeks to maintain any portion of the document filed under seal must file a motion to seal or redact within seven days.[2]  The motion to seal or redact must include: (1) a description of the specific portions of the document the proponent asks to be sealed or redacted; (2) the confidentiality interest to be protected and why that interest outweighs the presumption of public access; (3) injury that would result in the absence of restricting access; (4) why no lesser alternative will adequately protect the confidentiality interest in question; and (5) the extent to which the motion is opposed.[3]

According to Plaintiff, Defendants have not complied with the second, third, and fourth requirements of D. Kan. Rule 5.4.2 for substituting a new redacted transcript of the hearing, and thus, their motion must be denied.  This argument, however, ignores the fact that the Court has already ruled that the name should be redacted from the transcript.  During the hearing, the Court recognized the confidential nature of the identities of the parties to the Settlement and thus encouraged Plaintiff and Defendants not to use the names during testimony or oral argument.  Furthermore, by granting Defendants' motion to redact the hearing transcript, the Court ruled that the parties' privacy interests in not having their identities disclosed outweighed the presumption of public access.  Defendants are seeking to redact the same information the Court already deemed should be redacted.  Therefore, there is no need for the Court to engage in a Rule 5.4.2 analysis here, and the Court grants Defendants' motion.

---

[1] D. Kan. Rule 5.4.2(a)-(b).

[2] D. Kan. Rule 5.4.2(c).

[3] D. Kan. Rule 5.4.2(c)(1)-(5).

Even if the Court analyzed Defendants' request under Rule 5.4.2, the Court concludes that striking the original transcript and substituting it with a properly redacted one is appropriate. Although Defendants did not specifically address Rule 5.4.2's requirements in their Motion to Strike, they have satisfied them in their other pending motions before the Court and in their briefing during litigation. Defendants have repeatedly asserted that their former clients have a privacy interest in keeping their names and the Settlement confidential. For example, Defendants point out that the clients are not parties to this litigation and the Settlement contains a nondisclosure clause. Thus, the Court concludes that the clients' privacy interest outweighs the public's right to access.

As to the injury that may result in the absence of restricting access, release of these clients' names could result in harassment from other members of the public due to the large amount of money they received. Even the Tenth Circuit noted that there could be potential injury when it stated that release of the Settlement "likely would work to the detriment of the parties to the Settlement, who (again) are not parties to this lawsuit."[4]

Additionally, Defendants are not seeking to seal the entire transcript. They are only seeking to redact the individual name of one of their former clients, which was stated three times. The rationale underlying the public's right to access is for the public to be able to examine and review a judge's decision.[5] Even with the two additional redactions that Defendants propose, the public will still be able to understand the transcript and use it to review the Court's Order regarding

---

[4] *See Brave Law Firm, LLC v. Truck Accident Lawyers Group, Inc.*, 843 F. App'x 134, 138 (10th Cir. 2021).

[5] *Lonker v. Chambers*, 2017 WL 1197640, at *2 (D. Kan. March 31, 2017) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006)).

the enforceability of the settlement between Plaintiff and Defendants.  Accordingly, the Court

grants Defendants' Motion to Strike Transcript and Substitute a Redacted Transcript.

**B.      Motion for Contempt**

        Defendants next ask the Court to hold Mr. Brave in contempt for violating Magistrate Judge

O'Hara's Order regarding use of the documents and disclosure of information from the litigation

underlying the Settlement.  Defendants seek an order directing Mr. Brave to purge his contempt

and for an award of reasonable expenses, including attorneys' fees, caused by Plaintiff's refusal to

comply with Magistrate Judge O'Hara's Order.  It is well-established that a court retains ancillary

jurisdiction over subsequent proceedings to enforce its own orders and judgments.[6]  The district

court has broad discretion to ensure compliance with its orders.[7]  "Civil contempt occurs when a

party fails to comply with a court order.  That failure to comply need not be intentional."[8]  To

prevail on its motion, Defendants must show by clear and convincing evidence that (1) a valid

order existed; (2) Mr. Brave had knowledge of the order; and (3) Mr. Brave disobeyed the order.[9]

        There is no dispute that a valid order exists.  After learning that Mr. Brave used the

confidential Settlement to locate the public documents in the underlying litigation, Magistrate

Judge O'Hara issued a second protective order prohibiting Plaintiff from disclosing the names of

the identities to the Settlement.  He stated:

---

[6] *Phone Directories Co. v. Clark*, 209 F. App'x 808, 812 (10th Cir. 2006) (citing *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)).

[7] *Rodriguez v. IBP, Inc*., 243 F.3d 1221, 1231 (10th Cir. 2001).

[8] *Universal Motor Oils Co., Inc. v. Amoco Oil Co*., 743 F. Supp. 1484, 1487 (D. Kan. 1990) (citing *Gen. Signal Corp. v. Donallco, Inc*., 787 F.2d 1376, 1379 (9th Cir. 1986)).

[9] *See Phone Directories Co*., 209 F. App'x at 813 (setting forth the elements of civil contempt) (citing *Reliance Ins. Co. v. Mast Constr. Co*., 159 F.3d 1311, 1315 (10th Cir. 1998)).

The court will not permit plaintiff to make an end-run around its orders. Allowing a party to use confidential information subject to a protective order to locate and disclose public documents that would reveal the confidential information would defeat the very purpose of the protective order. Defendants' motion is therefore granted. Plaintiff is hereby prohibited from directly or indirectly linking the publicly filed documents obtained from the underlying lawsuit to the present case in any statements he makes outside the record in this case.

Mr. Brave, as counsel for Plaintiff, is aware of this Order. Thus, the issue is whether Mr. Brave violated it.

Defendants first contend that Mr. Brave violated Magistrate Judge O'Hara's Order by filing a copy of the February 2020 transcript as an exhibit to a motion in the *Hernandez* state court case. Defendants argue that Mr. Brave violated the Order because the transcript contains two instances where the identity of one of the parties to the Settlement was disclosed. They further contend that Mr. Brave continues to violate the Order by refusing to substitute a properly redacted transcript after being informed of the two additional disclosures within it.

The Court declines to hold Mr. Brave in contempt. Magistrate Judge O'Hara's Order must be read in conjunction with the protective order entered when the Settlement was produced. That protective order allows the use of confidential information at a court hearing, and when it is used, a party may ask the Court to provide further protection of the information. During the February 2020, hearing, Defendants' counsel raised the issue that the names of the parties to the Settlement were confidential and that the attorneys would likely use the names in either argument or testimony. The Court did not close the hearing but encouraged counsel not to use the names. When the transcript was published, Defendants moved to redact one instance where Mr. Brave stated a party's name. They failed, however, to identify two additional instances where that party's name was used. When Mr. Brave submitted the transcript in state court, he used the one that was available for purchase on the record. At that point, over two years later, Defendants still had not

remedied the disclosure.  Thus, it was Defendants fault, not Mr. Brave's fault, that the name was publicly available.  The Court will not hold Mr. Brave in contempt for Defendants' own failure.

Defendants also ask the Court to hold Mr. Brave in contempt because he filed pleadings in the *Eby* state court case that identified the parties to the Settlement and connected them to the underlying litigation.  In response, Mr. Brave argues that he was able to obtain the parties names based on redacted versions of the Settlement that Defendants produced in this litigation (Docs. 91-3 and 91-5).  These documents show the underlying case caption, the approximate date of the Settlement, and the name of all counsel involved in the Settlement.  With this information, Mr. Brave hired a private investigator to find the underlying case and purchase a copy of it via PACER.  According to Mr. Brave, because he obtained the information from documents other than those produced in pre-trial discovery, he is not prevented from using it.

The Court is mystified by the extent of Mr. Brave's efforts to obtain and publish the Settlement's contents.  However, it agrees that he cannot be held in contempt for using the information in this instance.  The protective orders issued in this case are limited to documents produced in pretrial discovery.[10]  Here, Mr. Brave did not use the Settlement, which was produced during discovery, to obtain the information.  He used publicly available documents.  Therefore, he did not violate the protective orders issued in this case.  Accordingly, Defendants' Motion for Civil Contempt is denied.

---

[10] In *Seattle Times Co. v. Rhinehart*, the U.S. Supreme Court discussed the relationship between protective orders issued during civil discovery and First Amendment speech rights.  467 U.S. 20, 32-34 (1984).  The Supreme Court ultimately held that a protective order does not violate the First Amendment if it is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial discovery, and does not restrict dissemination of information if gained from other source.  *Id.* at 37.  The protective orders issued in this case comply with *Seattle Times*.

**C.      Defendants' Motion for Leave to File Exhibits with Redactions or Under Seal**

In connection with their Motion for Civil Contempt, Defendants move for leave to file

certain exhibits with redactions or under seal pursuant to D. Kan. Rule 5.4.2.  The exhibits

Defendants seek to redact or seal are as follows:

> Exhibit 2- Notice of Intent to Issue Subpoena (Doc. 167-1)
> Exhibit 3- Motion to Take Judicial Notice (Doc. 167-2)
> Exhibit[s] 4.1-4.4- Notices of Intent to Issue Subpoenas (Doc. 167-3)
> Exhibit 5- Motion for Order (Doc. 167-4)
> Exhibit 6- Motion for Sanctions (Doc. 167-6)
> Exhibit 7- Response to Motion for Sanctions (Doc. 167-6)
> Exhibit 8- Supplement to Response to Motion for Sanctions (167-7)
> Exhibit 9- Motion to Invoke Judicial Estoppel (Doc. 167-8)[.]

The above-referenced exhibits were filed by Mr. Brave in the *Eby* state court case.

Defendants argue that they should be sealed because they contain information revealing the parties

to the Settlement and linking those parties to the underlying litigation.  Defendants further argue

that these parties' privacy interests outweigh the public's interest in the litigation.  Defendants also

point to Defendant Pistotnik's ethical obligation under Kansas Rule of Professional Conduct 1.6,

which requires him to keep information regarding the representation of former clients confidential.

The Court grants Defendants' motion.  As the Court previously stated, the parties to the

Settlement have a privacy interest that outweighs the presumption of public access.  If their names

are made publicly available in connection with the Settlement, they may be harmed.  Additionally,

Defendants have employed the least restrictive option by redacting several of the exhibits.  Thus,

the Court concludes that Defendants have met the requirements of Rule 5.4.2.

The Court recognizes that Plaintiff's counsel already publicly filed the exhibits Defendants

seek to seal or redact in state court.  However, given Mr. Brave's conduct in this case and the

extreme steps he took to obtain it from publicly filed documents, the Court refuses to publish the

documents in this case.  Should the public wish to jump through similar hoops to discover the information it can do so.  But the Court will maintain the confidentiality of the parties to the Settlement in this litigation.

**D.     Motion to Unseal Doc. 99-1**

Plaintiff moves to unseal Doc. 99-1, an unredacted copy of the Settlement.  Defendants oppose the motion on the basis that the Court only reopened the case for the "limited purpose of allowing Defendants to file a Motion to Substitute Redacted Transcript and Motion for Civil Contempt."  According to Defendants, Plaintiff's Motion to Unseal is not properly before the Court.

The Court disagrees.  Plaintiff's Motion to Unseal involves the same issues regarding the confidentiality of the Settlement as Defendants' motions.  Furthermore, even when a case is closed, a court continues to have authority to loosen or eliminate restrictions on sealed documents.[11] Therefore, the Court will consider it.

The standard governing a motion to unseal is the same as a motion to seal.  There is a common law right of access to judicial records.[12]  "[T]his right is not absolute [but] there is a strong presumption in favor of public access."[13]  This is "particularly so where the district court used the sealed documents to determine litigants' substantive legal rights."[14]  The presumption of access can "be overcome where countervailing interests heavily outweigh the public interests in

---

[11] *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (internal quotation marks and citations omitted).

[12] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted).

[13] *Pickard*, 733 F.3d at 1302 (internal quotation marks and citations omitted).

[14] *Id.*  (internal quotation marks and citations omitted).

access" to the documents.[15]   The burden is on the party seeking to seal or redact the information to identify an interest that outweighs the presumption.[16]

Plaintiff's primary argument is that Doc. 99-1 must be unsealed because the Court used it in determining whether to enforce the settlement agreement between the parties. According to Plaintiff, the public cannot adequately review the Court's decision without having unfettered access to the Settlement.  The Court, however, disagrees.  The public has access to a redacted copy of the Settlement that was filed by Defendants.  That copy only redacts the parties' names—not the terms of the Settlement, which is what the Court examined in its Order.  Furthermore, when the Court referred to or quoted the Settlement in its Order, the Court referred to the redacted party by his or her initial, thus providing even further information as to the Settlement's contents.  Public access to judicial records "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness.  The right serves as a check on the integrity of the system."[17]   That rationale, however, does not support unsealing Doc. 99-1, where the public can examine and understand the Court's decision without access to the redacted information.

Plaintiff also argues that Defendants have not met their burden to show that Doc. 99-1 should remain under seal.  However, Defendants have shown throughout the briefing currently before the Court that the parties to the Settlement have an interest in maintaining their privacy and that this privacy interest outweighs the public's presumption of access.  Furthermore, as discussed

---

[15] *Id*. (internal quotation marks and citations omitted).

[16] *Mann*, 477 F.3d at 1149 (citation omitted).

[17] *United States v. Pickard*, 2017 WL 5499410, at *1 (D. Kan. Nov. 16, 2017).

above, the public has access to a redacted copy of the Settlement, which maintains the privacy of the parties to the Settlement but allows the public to review its contents.  Accordingly, the Court denies Plaintiff's Motion to Unseal Document 99-1.[18]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Transcript and Substitute Redacted Transcript (Doc. 165) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Contempt (Doc. 166) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Exhibits with Redactions or Under Seal (Doc. 171) is **GRANTED**.  The clerk is directed to remove the provisional designation from DE 167.  DE 167-1 through DE 167-8 remain under seal.  Defendants are directed to file redacted copies of DE 167-1 (Exhibit 2), DE 167-6 (Exhibit 7), and DE 167-7 (Exhibit 8) on the record.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Unseal Document 99-1 (Doc. 173) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of January, 2024.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[18] Plaintiff also argues that Doc. 99-1 should never have been sealed in the first place and that Magistrate Judge O'Hara failed to engage in any substantive analysis when he ordered it to be sealed. The Court finds this argument disingenuous given that Plaintiff was the party who moved to seal the document on the record.